■ PLAZA PROPERTIES, INC., Respondent, v TRUMP REALTY CORP. et al., Defendants, KAYSER-ROTH CORPORATION, Appellant, and LAWRENCE GOODMAN, Respondent. KAYSER-ROTH CORPORATION, Defendant and Third-Party Plaintiff-Appellant, v TIDEWATER PROPERTIES, INC., Third-Party Defendant.—Order, Supreme Court, New York County, entered on December 1, 1975, and judgment entered thereon on December 8, 1975, granting plaintiff's motion for partial summary judgment, granting defendant, Goodman's, cross motion for partial summary judgment on his cross claim for indemnification and denying defendant-appellant's motion for leave to amend its answer, unanimously modified, on the law, the facts and in the exercise of discretion, only to the extent of granting appellant's motion for leave to amend its answer to allege affirmative defenses based upon plaintiff's purported bad faith and unconscionable conduct, and otherwise affirmed, without costs and without disbursements. We agree with Special Term that the guarantee and indemnification agreement executed by appellant's predecessor on April 15, 1965 is enforceable and that plaintiff is entitled to recover rent and other charges due for the months of January through April, 1975, as sought in its third cause of action. We also agree that the defenses sought to be asserted by amendment to appellant's answer would not be a bar to the limited relief afforded by the order and judgment appealed from. We depart from the

determination of Special Term only insofar as it summarily determined that those defenses were without merit in advance of their being pleaded. Appellant's fear of prolonged substantial liability, based upon Special Term's determination is well taken. Accordingly, it should have the opportunity to raise the defenses of bad faith and unconscionability in any future proceedings or litigation as may eventuate. Appellant has argued with some force that plaintiff demonstrated bad faith when it resisted the appointment of a receiver pending the determination of this action. It argues further, again with some degree of plausibility, that plaintiff and Goodman are acting in an unconscionable manner because they are the only ones with the power and authority to evict the present sublessees. We do not pass upon the merits of these purported defenses, but hold only that appellant is entitled to plead same. Concur—Stevens, P. J., Kupferman, Lupiano, Capozzoli and Lane, JJ.